has recently been held in a somewhat similar case. Campbell v. Jughardt, 50 App. Div. 460, 64 N. Y. Supp. 198. But the greatest weight of testimony is that the machine was so constructed that the die could not have come down in the way the plaintiff claimed. This being so, she must have had her foot on the treadle when she was injured, notwithstanding her statement to the contrary, for by that means alone could the die be made to descend. If she was injured in that way, her injuries resulted from her failure to obey the instructions she received, and not from any failure to instruct, and the defendants are not liable.

The plaintiff also showed, by the cross-examination of some of defendants' witnesses, that when two pieces of tin, instead of one, got in the die, the belt would slip off the pulley, and that sometimes a die would become disengaged from the punch, and fall out. It is argued from this that the machine was defective. It is a sufficient answer to this to say that the proof is that neither of these conditions, even if they were defects, had anything to do with the accident.

The motion to set aside the verdict and for a new trial is granted. Motion granted.

———————

(36 Misc. Rep. 339.)

SONDHEIM v. BROOKLYN HEIGHTS R. CO. et al.

(Supreme Court, Trial Term, Kings County. November, 1901.)

INJURY TO CHILD—ACTION BY PARENT—EVIDENCE.

> Where a mother sued two corporations jointly to recover damages for loss of her daughter's services and earnings caused by injuries through their negligence, and also for medical expenses incurred in the treatment of the daughter's injuries, *held*, that admission of complaint and judgment in an action by the daughter to recover for the same injury was fatally erroneous, where there was no evidence that the daughter in her action recovered for medical and surgical expenses.

Action by Sarah M. L. Sondheim against the Brooklyn Heights Railroad Company and the Nassau Brewing Company. Verdict for defendants. Motion for a new trial granted.

See 69 N. Y. Supp. 880.

Oswald N. Jacoby, for plaintiff.
George V. S. Williams, for defendant railroad company.
Herbert C. Smyth, for defendant brewing company.

CHESTER, J. This action is brought for loss of services and earnings of an infant daughter of the plaintiff, and for expenses for surgical and medical attendance and medicines for the daughter made necessary by reason of injuries which, it is alleged, she received because of the negligence of the defendants. The trial of the daughter's action against the same defendants for damages for these injuries had resulted in a verdict and judgment in her favor against the brewing company alone.

On the trial of this action, which resulted in a verdict for the defendants, the court was led into an error in receiving in evidence over plaintiff's objection the complaint and judgment in favor of

the daughter in her action above mentioned. It was stated by counsel for defendants, in offering this evidence, that there had been a recovery against the brewing company in the daughter's action for the same medical attendance as was sought to be recovered in this action. While the complaint in that action shows that the claim was there made that the daughter had incurred and would incur considerable expense for surgical and medical treatment, there is no evidence on this trial that the daughter made any proofs, on the trial of her action, of any such expenditures by her, under the claim to that effect in her complaint. More than this, we have no right to assume that any damages not lawfully recoverable in that case were in fact recovered. If the mother incurred these expenses, as she here insists she did, they could not have been lawfully recovered in the other action.

It is true that the jury, in finding the verdict for the defendants, in the face of substantial damages proven to have been sustained by the plaintiff, may have concluded that the injuries to the daughter which caused these damages were the result of an accident for which neither of the defendants was liable, but I am not able to say that the jury was not unduly influenced to that conclusion, or prejudiced against the plaintiff, by the judgment in evidence, which shows quite a large recovery by the daughter against one of these defendants.

For the error in receiving such complaint and judgment in evidence, I think the motion to set aside the verdict and for a new trial should be granted. Motion granted.